IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
_____ DIVISION



FILED
RICHARD W. NAGEL
CLERK OF COURT

2016 JAN 15 AM 11: 45

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

Perry E. Rieder, Jr.
(Enter Above the Name of the Plaintiff in this Action)

vs.

Branden C. Meyer
(Enter above the name of the Defendant in this Action)

2:16CV0040

Judge Graham
MAGISTRATE JUDGE KEMP

If there are additional Defendants, please list them:

Terre L. Vandervoort

Laura B. Smith

David A. Trimmer

John P. Bessey

**COMPLAINT**

I. Parties to the action:

Plaintiff: Place your name and address on the lines below. The address you give must be the address where the court may contact you and mail documents to you. A telephone number is required.

Perry E. Rieder, Jr.
Name - Full Name Please - PRINT

5635 Cypress Dr.
Street Address

Thornville, Ohio 43076
City, State and Zip Code

(740) 404-0277
Telephone Number

If there are additional Plaintiffs in this suit, a separate piece of paper should be attached immediately behind this page with their full names, addresses and telephone numbers. If there are no other Plaintiffs, continue with this form.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
_____ DIVISION

_____

(Enter Above the Name of the Plaintiff in this Action)

vs.

_____

(Enter above the name of the Defendant in this Action)

If there are additional Defendants, please list them:

_____

_____

_____

_____

**COMPLAINT**

I. Parties to the action:

Plaintiff: Place your name and address on the lines below. The address you give must be the address where the court may contact you and mail documents to you. A telephone number is required.

_Kathryn M. Rieder_
Name - Full Name Please - PRINT

_5635 Cypress Dr._
Street Address

_Thornville, Ohio 43076_
City, State and Zip Code

_____
Telephone Number

If there are additional Plaintiffs in this suit, a separate piece of paper should be attached immediately behind this page with their full names, addresses and telephone numbers. If there are no other Plaintiffs, continue with this form.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
_____ DIVISION

_____
(Enter Above the Name of the Plaintiff in this Action)

vs.

_____
(Enter above the name of the Defendant in this Action)

If there are additional Defendants, please list them:

_____

_____

_____

**COMPLAINT**

I. Parties to the action:

Plaintiff: Place your name and address on the lines below. The address you give must be the address where the court may contact you and mail documents to you. A telephone number is required.

_Melissa M. Rieder_
Name - Full Name Please - PRINT

_13395 Rosewood Rd._
Street Address

_Thornville, Ohio 43076_
City, State and Zip Code

_____
Telephone Number

If there are additional Plaintiffs in this suit, a separate piece of paper should be attached immediately behind this page with their full names, addresses and telephone numbers. If there are no other Plaintiffs, continue with this form.

Defendant(s):

Place the name and address of each Defendant you listed in the caption on the first page of this Complaint. This form is invalid unless each Defendant appears with full address for proper service.

1. Branden C. Meyer
   Name - Full Name Please
   224 East Main St.    Lancaster, Ohio   43130
   Address: Street, City, State and Zip Code

2. Terre L. Vandervoort
   224 East Main St.    Lancaster, Ohio   43130

3. Laura B. Smith
   224 East Main St.    Lancaster, Ohio   43130

4. David A. Trimmer
   224 East Main St.    Lancaster, Ohio   43130

5. John P. Bessey    c/o Maureen O'Conner (Ohio Supreme Court
   65 S. Front St.    Columbus, Ohio   43215

6. _____

If there are additional Defendants, please list their names and addresses on a separate sheet of paper.

II. Subject Matter Jurisdiction

Check the box or boxes that describes your lawsuit:

☐ Title 28 U.S.C. § 1343(3)
   [A civil rights lawsuit alleging that Defendant(s) acting under color of State law, deprived you of a right secured by federal law or the Constitution.]

☐ Title 28 U.S.C. § 1331
   [A lawsuit "arising under the Constitution, laws, or treaties of the United States."]

☐ Title 28 U.S.C. § 1332(a)(1)
   [A lawsuit between citizens of different states where the matter in controversy exceeds $75,000.]

☑ Title 18 United States Code, Section 241 & 242
   [Other federal status giving the court subject matter jurisdiction.]

☑ Title 42 U.S.C. Section 1983, 1985, 1986
☑ Title 18 U.S.C. Section 2071
☑ Title 28 U.S.C. Section 1361

-2-

III. Statement of Claim

Please write as briefly as possible the facts of your case. Describe how each Defendant is involved. Include the name of all persons involved, give dates and places.

Number each claim separately. Use as much space as you need. You are not limited to the papers we give you. Attach extra sheets that deal with your statement claim immediately behind this piece of paper.

1. <u>Trespass</u> - Defendants acted against plaintiffs by denying the plaintiffss their right to a court of record by assuming jurisdiction unlawfully under color of law which deprived plaintiffs relief and rights guaranteed by the Constitution,

2. <u>Trespass on the Case</u> - Defendants set up their own pseudo courts, under color of law, depriving plaintiffs of rights guaranteed by the Constitution and of the plaintiffs' right to a court of Record. Thereby subjecting themselves to suit.

3. <u>Vicarious Liability</u> - Plaintiffs agree that defendants acted upon their own, under color of law, however plaintiffs also believe that (Corsa) County Risk Sharing Authority, and The (State of Ohio) Court of Claims share in responsibility for the actions of their respective employees and administrators.

-3-

IV. Previous lawsuits:

If you have been a Plaintiff in a lawsuit, for each lawsuit state the case number and caption.
(Example, Case Number: 2:08-cv-728 and Caption: <u>John Smith</u> vs. <u>Jane Doe</u>).

<u>Case Number</u>            <u>Caption</u>

_____    _____ vs. _____

_____    _____ vs. _____

_____    _____ vs. _____

V. Relief

In this section please state (write) briefly exactly what you want the court to do for you. Make no legal argument, cite no case or statutes.

1.) Plaintiffs request a money judgement in the amount of $1,500,000.00 in aggregate.

2.) Plaintiffs also request that an investigation take place by order of the court, concerning the criminal accusations and justice to be served.

3.) Plaintiffs also wish for the court to explain in writing its findings in fact and conclusion as to how the court comes to make its decision.

I state under penalty of perjury that the foregoing is true and correct. Executed on

this _15_ day of _January_, 20_16_.

_Perry E. Rieder, J._
Signature of Plaintiff

-4-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
DIVISION AT



Perry E. Rieder, Jr., and
Kathryn M. Rieder
5635 Cypress Dr.
Thornville, Ohio 43076

Melissa M. Rieder
13395 Rosewood Rd.
Thornville, Ohio 43076

        Plaintiffs

        VS

Branden C. Meyer, and
Terre L. Vandervoort, and
Laura B. Smith, and
David A. Trimmer
224 East Main St.
Lancaster, Ohio 43130

John P. Bessey
c/o Maureen O'Conner
Ohio Supreme Court
65 S. Front St.
Columbus, Ohio 43215

        Defendants

Case No:

2:16Cv0040

Judge Graham

MAGISTRATE JUDGE KEMP

**DEPRIVATION OF RIGHTS OF PLAINTIFFS:**
**U.S. CODE TITLE 18 SECTIONS 241 AND 242**
**U.S. CODE TITLE 42 SECTIONS 1983, 1985, AND 1986**
**U.S. CODE TITLE 18 SECTION 2071**
**U.S. CODE TITLE 28 SECTION 1361**

**PLAINTIFFS REQUEST MONEY JUDGMENT FOR INJURIES CAUSED BY DEFENDANTS $1,500,000.00 IN AGGREGATE**

Perry E. Rieder, Jr., one of the people of Ohio, hereinafter known as plaintiff #1, Kathryn M. Rieder, one of the people of Ohio, hereinafter known as plaintiff #2, and Melissa M. Rieder, also one of the people of Ohio, hereinafter known as plaintiff #3, in this court of record, complain that each of the defendants named

1

herein acted in concert with one or more of the other defendants, either directly or through other agents, under color of law to deprive the plaintiffs of substantive rights and rights guaranteed by the Constitution for the United States of America. The plaintiffs also complain that each of the defendants named herein, either acted or failed to act to prevent the deprivation of substantive rights and rights guaranteed by the Constitution for the United States of America, owed to the plaintiffs. The plaintiffs also complain that one or more of the defendants named herein either directly or through other agents, failed to perform duties owed to the plaintiffs and altered and falsified official court documents with intent to defraud a court of record, and deprive the plaintiffs of the effectiveness of the court of record. The plaintiffs need the assistance of the court in order to attain a remedy for their injuries, caused by the defendants.

1. **Introduction**

    The defendants named herein are involved in another lawsuit 15CV464 (Exhibits A,B,C,D), filed by the plaintiffs in a court of record in the County of Fairfield, Ohio on July 24, 2015. Defendants Trimmer and Bessey sat as magistrates in courts of record filed by the plaintiffs and defendants. Smith and Vandervoort are sitting as magistrates in counterclaims filed in a court of record by plaintiff #3. Terre L. Vandervoort is a judge in the juvenile court division, and Laura B. Smith is a judge in the domestic relations division, both of the Court of Common Pleas, Fairfield County, Ohio. David A. Trimmer is a judge in the Court of Common Pleas, Fairfield County, Ohio. Branden C. Meyer is the Clerk of Courts for the Court of Common Pleas, Fairfield County, Ohio. John P. Bessey is a retired judge, assigned to preside in the case by Ohio Supreme Court Chief Justice, Maureen O'Conner, who shoulders some responsibility for the actions of Bessey. Jurisdiction was the main issue in each of these special courts. Jurisdiction was challenged or declared seemingly causing the defendants to act contrary to the codes, with the intent to defraud the court of record and deprive the plaintiffs of their right to a court of record. Terre L. Vandervoort and Laura B. Smith have acted under color of law in a concerted effort to deprive the plaintiffs, free access to plaintiff #3's son, plaintiff #1and #2's grandson, without a thorough investigation or, good cause, purely out of vindictiveness. This is a suit against the persons and not the offices held by these persons. Neither the State of Ohio nor the County of Fairfield are parties to the case, however the plaintiffs believe that they are vicariously liable for the actions

of their agents. Mike Kiger, David Levacy and Steven Davis are commissioners for the County of Fairfield and responsible for seeing to it that the various county agencies act in accordance with the codes. The plaintiffs need the assistance of this court of record to obtain relief from this abusive behavior. Evidence and laws shall be incorporated by reference and exhibit, and shall be considered to be fully stated herein. All facts contained herein are declared to be verified truthful and accurate.

2. **First Cause of Action (Trespass)**
The defendants trespassed against the plaintiffs in earlier courts of record, by attempting to usurp jurisdiction when jurisdiction was challenged or declared by lawful courts of record (Exhibit 1). Plaintiff #1 filed a suit in a court of record on March 13, 2015(Exhibit 2). A lawful request for a pre-trial date was requested on May 28, 2015 of the Clerk of Court's Office and has never been addressed to date, denying plaintiff #1 of his right to his court of record. A second request (Exhibit 3) was made of the Clerk of Courts, Branden C. Meyer on July 9, 2015, and has still not been addressed to date, therefore the Clerk of Courts breached his duty to plaintiff #1 pursuant to U.S. Code Title 28 Section 1361 (Exhibit4). Plaintiff #2 filed a suit in a court of record on March 13, 2015 (Exhibit 5). David A. Trimmer set up his own pseudo court and acted under color of law against plaintiff #2 to dismiss her suit and deprive her of her court of record on May 14, 2015 (Exhibit 6) by acting against the common law and acting as a tribunal while sitting as a magistrate, which is contrary to the definition of a court of record in Black's Law Dictionary 4th Edition. Plaintiff #3 filed counterclaims in courts of record, involving both Terre L. Vandervoort (Exhibit 7) and Laura B. Smith (Exhibit 8), challenging the jurisdiction which has never been proven in either case to date, depriving plaintiff #3 of her courts of record, under color of law, proceeding against the course of the common law and acting as tribunals while sitting as magistrates. Laura B. Smith (Exhibit 9) and Terre L. Vandervoort (Exhibit 10) set up their own pseudo courts, without jurisdiction, and have continued under color of law, ignoring the objections of plaintiff #3, acquiring the assistance of and acting in concert with other agents in these pseudo courts. These two cases are still ongoing under color of law, over the objections of plaintiff #3. Vandervoort and Smith are continuing to act in concert with each other either directly or through other agents, under color of law, to deprive plaintiff #3 of her son and plaintiff #1

3

and #2 of their grandson, without a thorough investigation and without good cause, purely out of vindictiveness. The plaintiffs filed suit in a court of record in the county of Fairfield on July 24, 2015 and met with similar resistance denying the plaintiffs of their court of record as John P. Bessey has under color of law, attempted to assume jurisdiction over the plaintiffs' court of record proceeding against the course of common law and acting as a tribunal while sitting as a magistrate. Each time the plaintiffs addressed the inferior, special courts of the defendants (Exhibit 11), the plaintiffs properly identified themselves as people of Ohio and their courts as courts of record (Exhibit 7 paragraph 1 and Exhibit 8 paragraph 1).

3. **Second Cause of Action (Trespass on the Case)**
The plaintiffs gave defendants Trimmer, Vandervoort, Smith and Bessey, ample opportunity to correct their behavior before taking legal action against them, also in a court of record. The defendants took advantage of the plaintiffs' generosity and only continued under color of law to further deprive the plaintiffs of their substantive rights and rights guaranteed by the Constitution for the United States of America, by denying them their courts of record, setting up their own pseudo courts, continuing to proceed against the course of the common law and acting as tribunals while sitting as magistrates (Exhibit 12). Each time the defendants acted under color of law after their jurisdiction had been challenged or when jurisdiction had been declared, they acted contrary to the codes that they are bound by oath to abide by and subjected themselves to suit and liability to pay damages for the injuries incurred by the plaintiffs (Exhibit 12). When plaintiff #1 requested a pre-trial date on two separate occasions, Branden C. Meyer acted contrary to the codes that he is bound by oath to abide by (Exhibit 4 and 13) and has subjected himself to suit and liability to pay damages for injuries incurred by plaintiff #1 (Exhibit 14). When David A. Trimmer proceeded to dismiss the suit of plaintiff #2, he acted contrary to the codes he is bound by oath to abide by (Exhibit 12), and subjected himself to suit and liability to pay damages for the injuries incurred by plaintiffs #2. Each time Terre L. Vandervoort and Laura B. Smith proceeded in their own pseudo courts after their jurisdiction had been challenged, without providing proof of jurisdiction, they acted contrary to the codes they are bound by oath to abide by (Exhibit 12), and subjected themselves to suit and liability to pay damages for the injuries incurred by plaintiff #3

4

Each time the defendants breached their duty to the plaintiffs, they subjected themselves to suit and liability to pay damages for injuries incurred by the plaintiffs (Exhibit 14). Evidence indicates that official court documents have been altered and falsified. Only a thorough investigation will prove who has done this but the plaintiffs believe the evidence cannot be disputed that it has happened (Exhibit 15). John P. Bessey noted that there were three documents filed by the plaintiffs at 2:45 PM on November 12, 2015 that were identical to three documents filed on October 29, 2015, with the exception that the three documents filed on November 12, 2015 lacked what Mr. Bessey called the notation "Seal Court of Record", which in reality is the court seal. The plaintiffs never filed these mystery documents on November 12, 2015, and the docket does not show any existence of any such documents. The description of these documents was very distinct and specific therefore John P. Bessey needs to identify the source where he had obtained these documents (Exhibit 16). Bessey also noted that page one of the initial complaint did not contain the name of plaintiff #2 but that it was included on page two. This is contrary to the evidence. John P. Bessey set up his own pseudo court, dismissed the plaintiffs' suit 15CV464, under color of law, in concert with each of the other defendants and acted to deprive the plaintiffs of their lawful court of record. In doing so John P. Bessey acted contrary to the codes he is bound by oath to abide by(Exhibit 12). John P. Bessey has subjected himself to suit and liability for to pay damages for the injuries incurred by the plaintiffs (Exhibit 14).

4. **Third Cause of Action (Vicarious Liability)**
Mike Kiger, David L. Levacy, and Steven A. Davis, as Commissioners of the County of Fairfield, are charged with seeing to it that the different county agencies act in appropriate manner and fulfill the expectations of the people of the community. Likewise the Ohio Supreme Court, and Maureen O'Conner are responsible for the actions of their court administrators. Though the plaintiffs contend that the defendants acted on their own, under color of law to cause intentional harm to the plaintiffs, it is the opinion of the plaintiffs that the State of Ohio and the County of Fairfield "CORSA" should assume vicarious liability for the actions of their employees. The government has many layers of agencies created to serve the public, but it seems sometimes that the agencies and their agents have attempted to take command of the public, rather than maintain their true

roles as service agencies. They are public servants, not rulers. It is difficult for ordinary individuals to determine when an agent is acting in an official capacity or when an agent has acted ultra virus as in this case. The difference may be so vague, that some of the government employees may not even recognize the difference. Upon information and belief, no authority has been vested for public officials to take command of the people of Ohio or the American People. The plaintiffs intend no disrespect against the judges, as they are the mirror image of the people of Ohio, the true owners of these courts. If the judges had fulfilled their true roles as magistrates, by offering their vast knowledge of the law and their experience these differences could have been resolved much sooner and more efficiently, however they have chosen to use their positions and influence to act vindictively, and to cause intentional harm to the plaintiffs. The defendants' motive is self-preservation.

5. **Conclusion**

A jurisdiction has been defined by statutes and codes. None of the courts were of competent authority because none were courts of record as required by the Ohio Revised Code. They fail on two points, as defined by Black's Law Dictionary 4th Edition (Exhibit 1). They failed to proceed according to the course of common law, and the judges all acted as tribunals while sitting as magistrates, making decisions under color of law. When the jurisdiction of the special courts (Exhibit 17) of the defendants was challenged or jurisdiction was declared by the plaintiffs in their courts of record, the defendants failed to object or attempt to prove jurisdiction, therefore the judges proceeded under color of law to deprive the plaintiffs of their court of record. The defendants set up unconstitutional courts, not of record, ignoring the objections of the plaintiffs and failing to prove jurisdiction. Each of the defendants acknowledged in case 15CV464 that the plaintiffs objected to their pseudo jurisdiction and that the defendants proceeded without satisfying the proof of jurisdiction when challenged, but claimed they had judicial immunity. Since the defendants did not address the issue of jurisdiction and prove jurisdiction, they had no jurisdiction, and therefore their acts could not be considered as judicial. Judicial immunity is rightfully acquired once jurisdiction is lawfully established, but when there is 100% lack of jurisdiction, judicial immunity as a matter of law, simply does not exist for persons so acting. A jurisdiction was defined by statutes

and each defendant exceeded that defined jurisdiction, and when jurisdiction was declared or challenged, each defendant failed to prove jurisdiction or object to declared jurisdiction of the plaintiffs therefore they had no lawful jurisdiction (Exhibit 19). The defendants left the plaintiffs no choice but to proceed against them in a court of record to obtain relief for their injuries. It is the birthright of every American to settle issues in a court of record if he so chooses and the genius of a court of record may not be undermined by anyone, including judges of special courts, without the consent of the people. The "Organic Law" is the Constitution of government and is all together written. Other written laws are denominated statutes. The written law of the State of Ohio is therefore contained in its Constitution and statutes, and in the Constitution and statutes of the United States. Ohio is a Republic, therefore all rules, statutes and codes are advisory to American People as well as people of Ohio, but are mandatory for citizens of the State of Ohio and the United States. Of course common law applies to everyone, including the plaintiffs and judges of special courts who choose to act outside their defined jurisdiction, which makes them mere persons and not judges. Every defendant who heard and ignored the objections of the plaintiffs and failed to inquire further, and failed to change their behavior, must answer to the injuries of the plaintiffs. This is especially so, in that none of the defendants suffered any injury by the plaintiffs (Exhibit 18). There is no corpus delicti. Black's Law Dictionary 2nd Edition defines Court of Common Pleas "<u>In American law.</u> The name sometimes given to a court of original and general jurisdiction for the trial of issues of fact and law according to the principles of the common law. [Moore v. Barry, 30 S. C. 530, 9 S. E. 589, 4 L. Ii. A. 294]. ["The writ which is called praecipe shall not for the future be issued to anyone, regarding any tenement whereby a freeman may lose his court. No freeman shall be arrested or imprisoned or disseised or outlawed or exiled or in any other way harmed. Nor will we [the King] proceed against him, or send others to do so, except to the lawful sentence of his peers and according to the Common Law. We will appoint as justices, constables, sheriffs, or bailiffs only those who know the law of the realm and who wish to observe it well." (MAGNA CARTA 1215)]

7

Whereas it is the wish of the plaintiffs that this court of record find the facts and law in favor of the plaintiffs, and that this court of record direct the defendants to pay damages to the plaintiffs for their injuries, in an amount that is deemed suitable to this court of record. It is also the wish of the plaintiffs that an investigation take place by order of this court of record concerning the criminal accusations contained herein and justice be served forthwith. Finally it is the wish of the plaintiffs that the court explain in writing its findings in fact and conclusion as to how the court comes to make its decision.

The undersigned certifies that all defendants have been served a copy of the foregoing.

Respectfully submitted on this 15th day of January, 2016.

Perry E. Rieder, Jr.
Attornatus Privatus
5635 Cypress Dr.
Thornville, Ohio 43076
(740)404-0277

*Perry E. Rieder, Jr.*

Kathryn M. Rieder
5635 Cypress Dr.
Thornville, Ohio 43076

*Kathryn M Rieder*

Melissa M. Rieder
13395 Rosewood Rd.
Thornville, Ohio 43076

Seal
Court of Record

8