*Exhibit A*

## COURT OF COMMON PLEAS FAIRFIELD COUNTY, OHIO

Perry E. Rieder, Jr.
Kathryn M. Rieder
5635 Cypress Dr. N.E.
Thornville, Ohio 43076

2015 JUL 24 AM 8: 15

BRANDEN C. MEYER
CLERK OF COURTS
FAIRFIELD CO. OHIO

Melissa M. Rieder
13395 Rosewood Rd.
Thornville, Ohio 43076

       **PLAINTIFFS**

  -VS-

Mike Kiger
210 East Main St.
Lancaster, Ohio 43130

David L. Levacy
210 East Main St.
Lancaster, Ohio 43130

Steven A. Davis
210 East Main St.
Lancaster, Ohio 43130

Branden C. Meyer
224 East Main St.
Lancaster, Ohio 43130

Terre L. Vandervoort
224 East Main St.
Lancaster, Ohio 43130

Laura B. Smith
224 East Main St.
Lancaster, Ohio 43130

David A. Trimmer
224 East Main St.
Lancaster, Ohio 43130

CASE NO.
Judge: **15CV 464**

**JUDGE BERENS**

Michelle Edgar
224 East Main St.
Lancaster, Ohio 43130

Deborah A. Wagner
224 East Main St.
Lancaster, Ohio 43130

Sheila Perry
224 East Main St.
Lancaster, Ohio 43130

Gregg Marx
239 West Main St.
Lancaster, Ohio 43130

Lisa Long
239 West Main St.
Lancaster, Ohio

Jason M. Dolin
224 East Main St.
Lancaster, Ohio 43130

Kristi Burre
239 West Main St.
Lancaster, Ohio 43130

Aundrea Cordle
239 West Main St.
Lancaster, Ohio 43130

Paul Bernhart
400 South 5th St. Suite 200
Columbus, Ohio 43215-5430

James Dye
38 E. Columbus St.
Second Floor
Pickerington, Ohio 43147

Ronald C. Stoughton, Sr.
121 N. High St.
Lancaster, Ohio 43130

## DEFENDANTS

The defendants are hereby required to serve upon plaintiff #1, a copy of an answer to this complaint within twenty-eight days after the service of the complaint to the defendants. A copy of the defendants' answer must be filed with the court within three days after the service of a copy of the answer on the plaintiff.

Perry E. Rieder, Jr., one of the people of Ohio, hereinafter known as plaintiff #1, Kathryn M. Rieder, also one of the people of Ohio, hereinafter known as plaintiff #2, and Melissa M. Rieder, one of the people of Ohio, hereinafter known as plaintiff #3, in this court of record, complain that, on August 30, 2013 three employees of FAIRFIELD COUNTY CHILD PROTECTIVE SERVICES, Mindy Vanbibber, Sarah Fortner, and Jennifer Sosniac, began to conduct an investigation into their private lives as a result of an anonymous phone call.

This investigation produced no evidence of any wrong doing on any of the plaintiffs' part, still Jennifer Sosniac took it upon herself to make an unfounded and irresponsible recommendation to the guardian ad litem in Domestic Relations Court, Jessica Mongold, that plaintiff #1 and #2 undergo domestic violence counseling and a mental assessment.

This action set into motion litigation that took plaintiff #1 and #2 a year and four months to overcome. On September 5, 2013, plaintiff #1 and #2 were prohibited, by order of Deborah Wagner, any contact by whatsoever with two of their eight grandchildren for a period of three months and under restriction from free access to them for the remaining thirteen months, while the guardian ad litem relentlessly did everything in her power to force plaintiff #1 and #2 to consent to just what Jennifer Sosniac had recommended, domestic violence counseling and a psychological evaluation.

These three employees, and Deborah Wagner, and Jessica Mongold exceeded their authority and territorial jurisdiction in this matter as they are limited to the property belonging to the United States of America and the State of Ohio.

In addition, while conducting his investigation, plaintiff #1 composed email requests for public information to these employees. Without being solicited, Heather Funk, of FAIRFIELD COUNTY JOB AND FAMILY SERVICES, began intercepting and responding to plaintiff #1's requests for public information. In an attempt at information control, she continued to respond until the question of authority and territorial jurisdiction was raised. At that time, avoidance and attempts at covering up took place.

After several attempts to acquire the public information plaintiff #1

was seeking, the Director of FAIRFIELD COUNTY JOB AND FAMILY SERVICES, Aundrea Cordle, stepped in and also tried to divert the truth from being known about territorial jurisdiction.

Several solicitations were presented to plaintiff #1 by both, Heather Funk and Aundrea Cordle, to call on the Deputy Director of FAIRFIELD COUNTY CHILD PROTECTIVE SERVICES, Kristi Burre to discuss the matter. Kristi Burre refused to respond to all requests plaintiff #1 made to her for public information. She is responsible for the actions of her employees.

Heather Funk, Aundrea Cordle, and Kristi Burre conspired to undermine plaintiff #1's investigation and cover up the inappropriate behavior of Mandy Vanbibber, Sarah Fortner, and Jennifer Sosniac.

The relationship between plaintiff #1 and #2 and their two grandchildren and has been irreparably damaged. They can never be themselves with them again. They will never be able to enjoy the loving relationship they had once had for as long as they shall live. The loss is both immense and unforgivable.

Attempts were made by plaintiff #1 to resolve these issues without the need to take legal action. These attempts with CORSA were met with resistance as plaintiff #1 was unable to get CORSA representatives to enter into an open dialogue to even discuss the concerns of the plaintiffs.

On March 13, 2015 three lawsuits were filed by the plaintiffs against the FAIRFIELD COUNTY COMMISSIONERS and COUNTY RISK SHARING AUTHORITY (CORSA).

On April 22, 2015, an order was issued by David A. Trimmer to hold a non-oral hearing, at the request of Paul Bernhart, attorney for CORSA and essentially, the FAIRFIELD COUNTY COMMISSIONERS, to decide whether or not to dismiss the suit of plaintiff #2 against the same. The hearing was set for May 13, 2015. On May 14, 2015, David A. Trimmer committed a fraud upon a lawful court of record by dismissing the suit belonging to plaintiff #2. Paul Bernhart conspired with David A. Trimmer in the fraud, as the court of record was clearly identified and defined. This action was taken without proper jurisdiction.

On May 18, 2015, plaintiff #2 appointed Perry E. Rieder, Jr. as special master in the court of record. The court of record vacated David A. Trimmer's unlawful order to dismiss plaintiff #2's suit.

This set off a series of events in an effort to conspire to deprive the rights of all three plaintiffs. Three suits which were assigned to magistrate Richard E. Berens were reassigned to retired judge John P. Bessey by Ohio Supreme Court Chief Justice, Maureen O'Conner.

On June 3, 2015, David A. Trimmer was in contempt of the superior court of record by issuing an order to consolidate a suit belonging to plaintiff #1

with another suit belonging to plaintiff #2, transferring this suit also to the retired judge, John P. Bessey. This was another fraud committed against the court of record by David A. Trimmer. This action was requested by Ronald C. Stoughton, Sr., pro se defendant in those two suits. Ronald C. Stoughton, Sr. conspired with David A. Trimmer in the fraud, as the court of record was clearly identified and defined. Again the action was taken without proper jurisdiction.

On May 28, 2015, plaintiff #1 filed a lawful request to set a pre trial date, in the FAIRFIELD COUNTY CLERK of THE COURT OF COMMON PLEAS, FAIRFIELD COUNTY, OHIO. On July 9, 2015, a second request was made of the Clerk of Courts, Branden C. Meyer. To date, no pre-trial date has been set.

In February 2015, occurrences took place which hold significance in the conspiracy to deprive the rights of the plaintiffs. First plaintiff #3's eleven year old son was victimized by an older, more mature female, and while attempting to protect her son, plaintiff #3 was accused of contempt on February 26, 2015 by Ronald C. Stoughton, Sr., representing Daniel L. Hall, her ex husband, and brought to answer those accusations in THE COURT OF COMMON PLEAS IN FAIRFIELD COUNTY, OHIO, DOMESTIC RELATIONS DIVISION in which Laura B. Smith was the presiding magistrate.

On March 13, 2015, plaintiff #3 filed a counterclaim, properly defined as a court of record, in the COURT OF COMMON PLEAS, FAIRFIELD COUNTY, OHIO, DOMESTIC RELATIONS DIVISION, refuting the claims of contempt and asking the court to prove jurisdiction. Plaintiff #3 also filed contempt against Daniel L. Hall her ex husband on May 5, 2015.

Though the superior court of record was properly identified and defined in the counterclaim, Laura B. Smith continued on June 17, 2015, without providing proof of jurisdiction as required by Ohio Revised Code 2938.10, and in direct contempt of the superior court of record. Laura B. Smith also issued several orders and even attempted to proceed in the court room OFF the record, again in direct contempt of the court of record. Plaintiff #3 reminded Laura B. Smith that they were in a court of record and therefore the proceedings had to be on the record. Laura B. Smith again proceeded by setting another court date for November 12, and November 13, 2015. [Direct contempt, meaning in plain view of the superior court of record].

While representing defendant Daniel L. Hall in the contempt hearing, Ronald C. Stoughton, Sr., presented several questions to plaintiff #3, concerning plaintiff #1. Plaintiff #1 was not a party to the contempt charges against plaintiff #3, therefore the questioning was improper. He was obviously using the forum of the DOMESTIC RELATION COURT in an attempt to gain information to use in the suit being brought against him by plaintiff #1 in the COURT OF COMMON

PLEAS. Ronald C. Stoughton, Sr. had conspired with Laura B. Smith in the commission of fraud against the lawful court of record as it was clearly identified and defined.

The matter of the eleven year old son of plaintiff #3 and grandson of plaintiff #1 and #2 has been very disturbing. On February 22, 2015, the minor child was victimized by an older, more mature female. Law enforcement was summoned and a report ensued and an investigation was launched. On April 21, 2015, plaintiff #3 was served a summons and an order to appear in juvenile court on May 5, 2015, for her son.

Prosecutor, Gregg Marx sent a letter to plaintiff #3 dated April 27, 2015, six days after the notice to appear was served. This letter clearly stated that plaintiff #3's son was indeed a victim and that he would be treated as such. Plaintiff #3 contacted the OFFICE OF THE PROSECUTING ATTORNEY OF FAIRFIELD COUNTY, by phone in order to have the confusion explained. Plaintiff #3 was informed by said office, "They did not know why plaintiff #3 would have gotten a notice from the court as described because the minor child was not being prosecuted but being considered as a victim."

Lisa Long was the assistant prosecutor in the matter and Sheila Perry was the probation officer. Michelle Edgar was magistrate in part of these proceedings.

When plaintiff #3 arrived as instructed on May 5, 2015, she found that her son was indeed being arraigned and charged with an F5 Felony, and ordered to appear again on June 8, 2015 for a pre-trial hearing. In an effort to protect her son, who she still believes is a victim, plaintiff #3 filed another counterclaim, properly identified and defined as a court of record, on May 11, 2015, requesting the juvenile court to prove jurisdiction. On May 18, 2015, Terre L. Vandervoort, committed a fraud upon the superior court of record by unlawfully denying the counterclaim.

On May 28, 2015, plaintiff #3 made a lawful appointment of Perry E. Rieder, Jr. as special master to the court of record to assist the court of record so she could focus on protecting her eleven year old son. On May 29, 2015, Terre L. Vandervoort committed another fraud upon the superior court of record by unlawfully denying the appointment. Once again the inferior court had not proven jurisdiction as required by Ohio Revised Code 2938.10.

On June 8, 2015, prior to the pre-trial hearing, another formal request was again filed for the inferior court to provide proof of jurisdiction as required by Ohio Revised Code 2938.10. Plaintiff #3 also quoted to the inferior court Ohio Revised Code 2937.08 which requires the inferior court to release jurisdiction to the superior court of record if it cannot prove jurisdiction itself. On that same day, Terre L. Vandervoort once again committed another fraud upon the superior court of record by setting another pre-trial date for July 9, 2015 and a trial date for July 31, 2015. Again this was done without proving jurisdiction as

required by law.

Court appointed defense counselor, James Dye, attempted to frighten plaintiff #3 on the June 8th pre-trial date while the pre-trial was in session. He was argumentative towards plaintiff #1 who was appointed special master to the superior court of record. He was clearly not on the same side as plaintiff #3 or #1. Later he sent plaintiff #3 a very threatening letter explaining many horrible things that could happen to her son if she did not accept the offer of a diversion program being made by the inferior court.

Plaintiff #3 sent a reply to James Dye's letter and received a second letter back from him deceptively disputing most of what her letter had said.

On June 17, 2015, plaintiff #3 filed a request for a jury of twelve, in a court of record. On July 8, 2015, Terre L. Vandervoort once again committed another fraud on the lawful, superior court of record by denying that request.

On July 9, 2015, before the second pre-trial hearing began plaintiff #1, in the capacity of special master to the court of record, filed another order on behalf of the superior court of record, demanding that the inferior court provide proof of jurisdiction or release jurisdiction to the superior court of record. Once again, Terre L. Vandervoort committed a fraud upon the court of record by ordering the minor child of plaintiff #3 to consent to a diversion program against the wishes of plaintiff #3. Terre L. Vandervoort then out of malicious retaliation, granted temporary custody to the father Daniel L. Hall, while the minor child is in no danger from his mother.

Terre L. Vandervoort also ordered plaintiff #3 could only have supervised visitation with her son, again even though he is in no danger from his mother. An additional pre-trial was set for October 5, 2015 and a trial date was set for October 22, 2015 and jurisdiction was never proven. Terre L. Vandervoort was in direct contempt against plaintiff #3's superior court of record. [As before, direct contempt meaning Terre L. Vandervoort was in contempt in plain view of the superior court of record]. James Dye conspired with Terre L. Vandevoort in the fraud. This action was taken without providing proof of jurisdiction.

On July 9, 2015 plaintiff #1 went to the OFFICE OF THE PROSECUTING ATTORNEY OF FAIRFIELD COUNTY, OHIO, to make a lawful request, pursuant to Ohio Revised Code 149.43, for a copy of the written oath of Lisa Long. He received a letter denying his request, dated July 13, 2015 from Jason M. Dolin.

The law of the case is: There have been various acts of tort committed against the plaintiffs by the defendants. There have been multiple acts of deprivation of the rights of the plaintiffs by the defendants. There have been several acts of neglect resulting in the deprivation of the rights of the plaintiffs by the defendants. There has been a massive conspiracy to deprive the rights of the

plaintiffs by the defendants.

There is a Common Law principle which states that for there to be a crime there must "first" be a victim (corpus delecti), in other words, before charging someone with a crime, we must first establish that a crime has been committed.

The defendants, Mike Kiger, David L. Levacy, Steven A. Davis, Branden C. Meyer, Terre L. Vandervoort, David A. Trimmer, Laura B. Smith, Deborah Wagner, Michelle Edgar, Sheila Perry, Gregg Marx, Lisa Long, Kristi Burre, Aundrea Cordle, and Jason M. Dolin are accused of violating Ohio Revised Code 3.07, Misconduct in office, the penalty of which is forfeiture of their surety bonds.

The defendants, Mike Kiger, David L. Levacy, Steven A. Davis, Branden C. Meyer, Terre L. Vandervoort, Laura B. Smith, David A. Trimmer, Michelle Edgar, Deborah Wagner, Kristi Burre, Aundrea, Cordle, Jason M. Dolin, Paul Bernhart, James Dye, and Ronald C. Stoughton, Sr. are accused of being in violation of U.S. Code Title 18 Section 241. Conspiracy against rights: If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured- They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

The defendants, Mike Kiger, David L. Levacy, Steven A. Davis, Branden C. Meyer, Terre L. Vandervoort, Laura B. Smith, David A. Trimmer, Michelle Edgar, Deborah Wagner, Kristi Burre, Aundrea, Cordle, Jason M. Dolin, Paul Bernhart, James Dye, and Ronald C. Stoughton, Sr. are also accused of being in violation of U.S. Code Title 18 Section 242. Deprivation of rights under color of law: Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or the laws of the United States, or to different punishments, pains or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year or both; and if bodily injury results from the acts committed in violation of this section or if such

act include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

      The defendants, Mike Kiger, David L. Levacy, Steven A. Davis, Branden C. Meyer, Terre L. Vandervoort, Laura B. Smith, David A. Trimmer, Michelle Edgar, Deborah Wagner, Kristi Burre, Aundrea, Cordle, Jason M. Dolin, Paul Bernhart, James Dye, and Ronald C. Stoughton, Sr. are being accused of being in violation of U.S. Code Title 42 Section 1983. Civil action for deprivation of rights: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

      The defendants, Mike Kiger, David L. Levacy, Steven A. Davis, Branden C. Meyer, Terre L. Vandervoort, Laura B. Smith, David A. Trimmer, Michelle Edgar, Deborah Wagner, Kristi Burre, Aundrea, Cordle, Jason M. Dolin, Paul Bernhart, James Dye, and Ronald C. Stoughton, Sr. are also being accused of violating U.S. Code Title 42 Section 1985 clause 3. Depriving persons of rights or privileges: If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidate, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or

privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

The defendants, Mike Kiger, David L. Levacy, Steven A. Davis, Branden C. Meyer, Terre L. Vandervoort, Laura B. Smith, David A. Trimmer, Michelle Edgar, Deborah Wagner, Kristi Burre, Aundrea Cordle, Paul Bernhart, James Dye, Ronald C. Stoughton, Sr., Sheila Perry, Gregg Marx, and Lisa Long stand accused of violation of U.S. Code Title 42 Section 1986. Action for neglect to prevent: Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action against the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action was accrued.

"Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them".[Miranda v. Arizona, 384 U.S. 436, 491]

"Any judge who does not comply with his oath to the Constitution of the United States wars against that Constitution and engages in acts in violation of the supreme law of the land. The judge is engaged in acts of treason."[Cooper v. Aaron, 358 U.S. 1, 78 S. Ct. 1401 (1958)]

U.S.C. Title 18 Section 2382:"Whoever having knowledge of treason, conceals and does not make known the same to some judge is guilty of treason for contempt against the sovereign and shall be fined under this title or imprisoned not more than seven years, or both."

"... every man is independent of all laws, except those prescribed by nature. He is not bound by any institutions formed by his fellowman without his consent. "[Cruden v. Neale] 2 N.C. 338 May Team 1796.

" All codes, rules, and regulations are for government authorities only, not human/ creators in accordance with God's laws. All codes, rules, and

regulations are unconstitutional and lacking due process..." [Rodriques v. Ray Donavan (U.S.Department of Labor) 769 F. 2d 1344, 1348 (1985)]

"All laws, rules and practices which are repugnant to the Constitution are null and void." [Marbury v. Madison, 5th US (2 Cranch) 137, 174, 176, (1803)]

WILLIAM BLACKSTONE – (a legal maxim) "Every right when withheld must have a remedy, and every injury its proper redress. "[ 5 U.S. 137, Marbury v. Madison] " The Government of the United States has been emphatically termed a government of laws, and not of men. It will certainly cease to deserve this appellation if the laws furnish no remedy for the violation of a vested legal right. "[Marbury v. Madison 5 U.S. 137 (1803)]

"... the right to be let alone is the most comprehensive of rights and the right most valued by civilized men. To protect that right, every unjustifiable intrusion by the government upon the privacy of the individual, whatever the means employed, must be deemed a violation of the Fourth Amendment, "[Olmstead v. U.S., 277 U.S.438, 478 (1928)].

"... Thus, the particular phraseology of the constitution of the United States confirms and strengthens the principle, supposed to be essential to all written constitutions, that a law repugnant to the constitution is void, and that courts, as well as other departments, are bound by that instrument. "[Marbury v. Madison 5 U.S. 137 :1803)]

" If any statement, within any law which is passed, is unconstitutional, the whole law is unconstitutional... "[Marbury v. Madison: 5 US 137 (1803)].

Black's Law Dictionary 4th Edition defines courts of record as follows:" those whose acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony, and which have power to fine or imprison for contempt. Error lies to their judgements, and they generally have a seal. A "court of record" is a judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it, and proceeding according to the course of common law, it's acts and proceedings being enrolled for a perpetual memorial."

There are many examples that define the limitations of authority and territorial jurisdiction of the fictional entities, commonly referred to as government. These fictional entities would include,"United States"which is defined as property belonging to the United States of America. The "United States of America" is a REAL entity defined in Article 1 of the Articles of Confederation. The "State of Ohio" is the administration of the fictional entity again known as "government". A county, more specifically "FAIRFIELD COUNTY", is not a place, but an administration division or political subdivision of the state, in this case the

"State of Ohio", which is also not a place, but an administration. This is quite clearly defined in nearly every dictionary in the known world. All these entities are limited to the following, not so well known "LAWS".

The United States acknowledges that their authority and territorial jurisdiction is limited, by virtue of the Organic Laws, located in Volume One of the U.S. Codes. These documents clearly define that the United States' authority and territorial jurisdiction is confined to the property belonging to the United States of America. ["The Congress shall have power to dispose of and make all needful rules and regulations respecting the territory or other property belonging to the United States; and nothing in this Constitution shall be so construed as to prejudice any claims of the United States, or of any particular state." (Constitution for the United States of America, Article 4 Section 3.)]

U.S. Code Title 42 Public Health and Welfare- Section 10701.Definitions: (6) "State" means any State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, Guam, American Samoa, the Northern Mariana Islands, the Trust Territory of the Pacific Islands, and any other territory or possession of the United States;

U.S. Code Title 6 Domestic Security- Section 101 (17)(A) Definitions: The term "United States", when used in a geographic sense means any State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, Guam, American Samoa, the Commonwealth of the Northern Mariana Islands, any possession of the United States, and any waters within the jurisdiction of the United States.

U.S. Code Title 26 Internal Revenue Code-Section 7701(9)(10): The term "United States" when used in a geographical sense includes only the States and the District of Columbia. The term "State" shall be construed to include the District of Columbia, where such construction is necessary to carry out provisions of this title.

U.S. Code Title 31 Money and Finance- Section 103: In this title, "United States", when used in a geographical sense, means the United States and the District of Columbia.

U.S. Code Title 43 Public Lands-Section 31b(8) The term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, the Commonwealth of the Northern Mariana Islands, American Samoa, Guam, and the Virgin Islands.

U.S. Code Title 32 National Guard-Section 901(2) Definitions: The term "State" means each of the several States, the District of Columbia, the Commonwealth of Puerto Rico, or a territory or possession of the United States.

Likewise the State of Ohio recognizes that their authority and territorial jurisdiction is limited to the property which is owned by the United States of America and the State of Ohio, as demonstrated by Ohio Revised Code

1.59, statutory definitions (g) and (h) which states as follows:" when applied to a part of the United States, includes any State, district, commonwealth, territory, insular possession thereof, and any area subject to legislative authority of the United States of America. "This State" or "the State" means the State of Ohio. Section (h) says that the "United States" includes all the States."

The Ohio Revised Code is full of examples defining the territorial jurisdiction of the State of Ohio, therefore it would not be prudent to believe that the territorial jurisdiction of FAIRFIELD COUNTY, an administrative division of the State of Ohio, could possibly exceed the territorial jurisdiction of "This State" or "the State".

Ohio Revised Code 1702.1 Non profit Corporation law definitions: (D) "State" means the United States; any state, territory, insular possession, or other political subdivision of the United States, including the District of Columbia; any foreign country or nation; and any province, territory, or other political subdivision of a foreign country or nation."

Ohio Revised Code 1301.201General definitions-UCC 1-201 : Part 2. (38) "State" means a state of the United States, the District of Columbia, Puerto Rico, the United States Virgin Islands, or any territory or insular possession subject to the jurisdiction of the United States."

Ohio Revised Code 4501.01 Motor vehicles definitions : (Z) "State" includes the territories and federal districts of the United States, and the provinces of Canada."

When the issue of territorial jurisdiction is raised, it must be proven before the court may proceed. Any attempt to proceed before territorial jurisdiction is proven would be considered an attempt to commit a fraud against this superior court of record.

"Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action."[Melo v. U.S., 505 F2d 1026.]

"The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings." [Hagans v. Lavine 415 U.S. 533.]

"No officer can acquire jurisdiction by deciding he has it. The officer, whether judicial or ministerial, decides at his own peril."[Middleton v. Low (1866), 30 C. 596, citing Prosser v. Secor (1849) , Barb. (N.Y.) 607, 608.]

"Jurisdiction once challenged cannot be assumed and must be decided." [Main v. Thiboutot, 100 S. Ct.

Ohio revised Code 1301.206 Presumptions- UCC 1-206: Part 2 "Whenever Chapter 1301, 1302, 1303, 1304, 1305, 1307, 1308, 1309, or 1310 of the Revised Code creates a "presumption" with respect to a fact, or provides that a fact

is "presumed," the trier of fact must find the existence of the fact unless and until evidence is introduced that supports a finding of it's nonexistence."

Title 29 Statute 2938.10 of the Ohio Revised Code: Proof of Territorial Jurisdiction::::

"The state or municipality in all cases must prove the offense committed within the territorial jurisdiction of the court, and in ordinance cases within the municipality, except as to those offenses in which the court has county wide jurisdiction created by statute and as those cases in which certification has been made pursuant to Section 2937.08 of the Revised Code."

Title 29 Statute 2937.08 of the Ohio Revised Code: Court action on pleas of not guilty or once in jeopardy in misdemeanor cases::::

"Upon a plea of not guilty or a plea of once in jeopardy, if the charge be a misdemeanor in a court of record, the court shall proceed to set the matter for trial at a future time, pursuant to Chapter 2938. of the Revised Code, and shall let accused to bail pending such trial. Or he may, but only if both prosecutor and accused expressly consent, set the matter for trial forthwith."

"Upon the entry of such pleas to a charge of misdemeanor in a court not of record, the magistrate shall forthwith set the matter for future trial or, with the consent of both state and defendant may set trial forthwith, both pursuant to Chapter 2938 of the Revised Code, provided that if the nature of the offense is such that right to a jury trial exists, such matter shall not be tried before him unless the accused, by writing subscribed by him, waives a jury and consents to be tried by the magistrate."

"If the defendant in such event does not waive right to jury trial, the the magistrate shall require the accused to enter into recognizance to appear before a court of record in the county, set by such magistrate, and the magistrate shall thereupon certify all papers filed, together with transcript proceedings and accrued costs to date, and such recognizance if given, to such designated court of record. Such transfer shall not require the filing of indictment or information and trial shall proceed in the transferee court pursuant to Chapter 2938 of the Revised Code."

"All codes, rules and regulations are for government authorities only, not human/creators in accordance with God's laws. All codes, rules,and regulations are unconstitutional and lacking due process..."[Rodriques v. Ray Donavan (U.S. Department of Labor) 769 F. 2d 1344, 1348 (1985)]

"All laws, rules, and practices which are repugnant to the Constitution are null and void."[Marbury v. Madison, 5th U.S. ( 2 Cranch ) 137, 174, 176, (1803)]

"No man is so high that he is above the law. No officer of the law may

set at the law at defiance with impunity, All officers of the government, from the highest to the lowest, are creatures of the law and are bound to obey it."..."It is the only supreme power in our system of government, and every man who, by accepting office participates in its functions, is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes on the exercise of the authority which it gives."[U.S. v. Lee, 106 U.S. 196, 220, 1 S. Ct. 240, 261, 27 L. Ed 171 (1882)]

"The State cannot diminish the rights of the people."[Hurtado v. People of the State of California, 110 U.S. 516]

"There can be no sanction or penalty upon one because of the exercise of constitutional rights."[Sherer v. Cullen, 481 F 946]

"The courts are not bound by an officer's interpretation of the law under which he presumes to act."[Hoffsomer v. Hayes, 92 Okla 32, 277 F. 417]

"Where there is no jurisdiction, there can be no discretion, for discretion is incident to jurisdiction."[Piper v. Peason, 2 Gray 120, cited in Bradley v. Fisher, 13 Wall, 335 20 L. Ed. 646 (1872)]

"Therefore judges are deemed to know the law and are sworn to uphold it and can hardly claim that they act in good faith for willful deformation of a law and certainly cannot plead ignorance of the law, for that would make the law look unintelligent for a knowledgeable judge to claim ignorance of a law, when a person on the street cannot claim ignorance of the law. Therefore there is no judicial immunity."

Whereas it is very clear that the defendants are in disagreement with the methods of the plaintiffs for obtaining justice for the wrongs which have been committed against them. The plaintiffs are just simple people who seek justice. Their opinion is not that the fictional entity know as the "government" is inherently evil, but that these defendants have acted independently and ultra vires. It is the wish of the plaintiffs that all the defendants be dealt with properly by the law that they pretend to uphold.

In addition, it is the wish of the plaintiffs that they collectively be awarded damages in an amount equal to one hundred fifty thousand dollars $150,000.00 from each of the defendants.

Respectfully submitted this twenty fourth day of July, 2015.

| | | |
|---|---|---|
| Perry E. Rieder, Jr. | Kathryn M. Rieder | Melissa M. Rieder |
| 5635 Cypress Dr. | 5635 Cypress Dr. | 13395 Rosewood Rd. N.E. |
| Thornville, Ohio 43076 | Thornville, Ohio 43076 | Thornville, Ohio 43076 |
| *Perry E. Rieder, Jr.* | *Kathryn M. Rieder* | *Melissa M. Rieder* |

*Seal*
*Court of Record*