**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **Perry Rieder, Jr., et al.,** | |
| **Plaintiffs,** | **Case No. 2:16-cv-40** |
| v. | **Judge Graham** |
| **Branden Meyer, et al.,** | **Magistrate Judge Kemp** |
| **Defendants.** | |

## ORDER

It's difficult to say exactly what the plaintiffs want. In short, they want justice and feel they haven't gotten it in Fairfield County. In essence, Melissa Rieder, Perry Rieder, Jr., and Kathryn Rieder want this federal court to overrule decisions of the Fairfield County Court of Common Pleas. That court has adjudicated various cases involving the Rieders, including civil cases similar to this one. Because this Court cannot sit in appellate review of the decisions of the Fairfield County Court of Common Pleas, the Rieders' complaint must be dismissed.

Besides being involved in cases in both the juvenile and domestic relations divisions of the Fairfield County Court of Common Pleas, the Rieders filed numerous lawsuits in Fairfield County, suing seemingly everyone involved in their cases. (*See* Pls.' Ex. A, Compl. in Fairfield County Common Pleas Court, Doc. 2-1). Now, the Rieders come to federal court, suing four Fairfield County judges—Judge Terre Vandervoort, Judge Laura Smith, Judge David Trimmer, and Judge John Bessey—and the Fairfield County Clerk of Courts, Branden Meyer. The Rieders proceed pro se. The Rieders allege that each defendant judge entered a judgment or order adverse to them, and did so inappropriately by either "set[ting] up his own pseudo court," or by "depriving plaintiff[s] of her courts of record, under color of law, proceeding against the course of common law and acting as tribunals while sitting as a magistrate." (Pls.' Compl. at PageID 9, 11). The Clerk of Courts appears to be collateral damage here—besides general allegations regarding the actions of the Fairfield County Court of Common Pleas, the Rieders allege that twice, the Clerk of Courts failed to set a pre-trial conference as they requested.

The four judges—represented together—move to dismiss the Rieders' complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. (Doc. 8). The Clerk of Courts—represented separately—moves to dismiss for failure to state a claim upon which relief can by granted.

Because of the *Rooker-Feldman* doctrine, the Court lacks subject-matter jurisdiction over this matter.

> The *Rooker–Feldman* doctrine, derived from *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), decrees that lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings or to adjudicate claims which are "inextricably intertwined" with issues decided in state court proceedings.

*Saker v. Nat'l City Corp.*, 90 F. App'x 816, 818 (6th Cir. 2004); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that *Rooker-Feldman* doctrine is "confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

The four judges present this argument, and they're right. The Rieders ask the Court to review proceedings of the Fairfield County Court of Common Pleas. For example, the Rieders filed a complaint in Fairfield County under case number 15-CV-464, and Judge Bessey dismissed the Rieders' claims. (Pls.' Ex. 16, Doc. 2-5 at PageID 84–92). Here, the Rieders assert three causes of action: "Trespass," "Trespass on the Case," and "Vicarious Liability." (Pls.' Compl. at 9–10). But even holding this pro se complaint to less stringent standards than lawyer-drafted pleadings and construing these claims liberally, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), these claims are thin veils over the nub of the Rieders' claim—they want a review of the state court proceedings.

While Meyer does not move to dismiss for lack of subject-matter jurisdiction, he cites the Ohio Revised Code for the proposition that the Rieders can't collaterally attack a state-court proceeding. *See* Ohio Rev. Code § 2501.02 (discussing jurisdiction of the Ohio Courts of Appeals). But Meyer only moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), not Rule 12(b)(1). It would be a stretch to construe this as raising the issue of the *Rooker-Feldman* doctrine, but the Court polices its own subject-matter jurisdiction and can raise the issue sua sponte. *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992) (citing Fed. R. Civ. P 12(h)(3)). The

Rieders' claim against Meyer alleges that the state court did not do something that the Rieders asked—schedule pretrial conferences. Essentially, this asks the Court to review the state court proceedings; therefore, the Court lacks subject-matter jurisdiction over these claims too. The claims against Meyer are therefore dismissed.

Meyer, but not the judges, asks the Court to award him costs and attorneys' fees. (Meyer's Mot. Dismiss at 6, Doc. 5). Absent a fee-shifting statute, parties bear their "own litigation expenses, including attorney's fees." *Fox v. Vice*, 563 U.S. 826, 832 (2011). "[T]his principle is so firmly entrenched that it is known as the 'American Rule.'" *Id.* Meyer provides no argument or authority in support of deviating from the American Rule, so the Court won't do so.

Since this Court may not review the actions of the Fairfield County Court of Common Pleas in this context, the four judges' motion to dismiss for lack of subject-matter jurisdiction is **GRANTED**. (Doc. 8). The claims against Meyer are **DISMISSED**. Meyer's request for attorneys' fees and costs is **DENIED**.

Therefore, this action is **DISMISSED** for lack of subject-matter jurisdiction. The clerk is directed to terminate all motions and enter judgment for all defendants.

IT IS SO ORDERED.

    s/ James L. Graham
    JAMES L. GRAHAM
    United States District Judge

DATE: September 22, 2016